**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COLLEEN KOSLOSKY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2:18-CV-04654-PD |
| | : | |
| AMERICAN AIRLINES, INC. | : | |
| | : | |
| Defendant. | : | |

## ANSWER

Defendant American Airlines, Inc. ("American Airlines" or "Defendant"), by and through its undersigned counsel, submits this Answer to the Civil Action ("Complaint") filed by Plaintiff Colleen Koslosky ("Plaintiff") as follows:

## THE PARTIES

1.      In response to Paragraph 1 of the Complaint, American Airlines states that the paragraph includes legal conclusions to which no response is required.  To the extent a response is required, American Airlines admits that Plaintiff purports to bring claims under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, as amended, and the Pennsylvania Human Rights Act, and specifically denies that it engaged in any unlawful employment practices against Plaintiff, that it violated Title VII, the ADA or the PHRA, or that Plaintiff is entitled to any relief.

2.      In response to Paragraph 2 of the Complaint, American Airlines admits that Plaintiff is an adult individual, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3.       In response to Paragraph 3 of the Complaint, American Airlines admits that it is an airline, that it maintains operations at the Philadelphia International Airport ("PHL"), which is located at 8000 Essington Avenue, Philadelphia, PA 19153, and that it maintains its corporate headquarters at 4333 Amon Carter Boulevard, Fort Worth, TX 76155. American Airlines denies the remaining allegations in Paragraph 3.

4.       In response to Paragraph 4 of the Complaint, American Airlines admits that it employed managers, supervisors, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment, and denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.       In response to Paragraph 5 of the Complaint, American Airlines admits that it employed managers, supervisors, and employees who acted directly or indirectly in Defendant's interest, and denies the remaining allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.       American Airlines incorporates by reference the responses to Paragraphs 1 through 5 of the Complaint as if fully set forth herein.

7.       In response to Paragraph 7 of the Complaint, American Airlines admits that this Court has personal jurisdiction over Defendant.

8.       In response to Paragraph 8 of the Complaint, American Airlines admits that this Court has subject matter jurisdiction over this action to the extent it was timely filed and to the extent Plaintiff properly exhausted her administrative remedies.

9.       In response to Paragraph 9 of the Complaint, American Airlines admits that this court may maintain supplemental jurisdiction over Plaintiff's state law claims.

10. In response to Paragraph 10 of the Complaint, American Airlines admits venue is proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. American Airlines incorporates by reference the responses to Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. American Airlines denies the allegations contained in Paragraph 12 of the Complaint.

13. American Airlines denies the allegations contained in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, American Airlines admits that Plaintiff's Charge filed with the U.S. Equal Employment Opportunity Commission was assigned Charge Number 530-2018-02371, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15. In response to Paragraph 15 of the Complaint, American Airlines admits that the EEOC issued Plaintiff a Dismissal and Notice of Rights relative to the Charge dated July 29, 2018, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Complaint and therefore denies them.

16. American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore denies them.

17.    American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18.    American Airlines denies the allegations contained in Paragraph 18 of the Complaint.

**MATERIAL FACTS**

19.    American Airlines incorporates by reference the responses to Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.    In response to Paragraph 20 of the Complaint, American Airlines denies that Plaintiff was hired as a Customer Service Agent, and admits the remaining allegations contained in Paragraph 20 of the Complaint.

21.    American Airlines denies the allegations contained in Paragraph 21 of the Complaint.

22.    In response to Paragraph 22 of the Complaint, American Airlines admits that Plaintiff transferred to the Philadelphia International Airport and denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.    In response to Paragraph 23 of the Complaint, American Airlines denies the allegations contained in Paragraph 23 of the Complaint and avers that the parent company of US Airways, Inc. merged with AMR Corporation, that AMR Corporation was the parent company of American Airlines, that the merger took place on December 9, 2013, and that Plaintiff became an employee of American Airlines.

24.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies them.

25.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies them.

28.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies them.

29.     In response to Paragraph 29 of the Complaint, American Airlines admits that Plaintiff has taken medical leaves of absence, including Family and Medical Leave, at various times and for various durations throughout her employment, and denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies them.

31.     In response to Paragraph 31 of the Complaint, American Airlines admits that in August 2016, Plaintiff submitted a document that appeared to be signed by Plaintiff's health care provider, Dr. Katherine Garnier, noting a limitation for Plaintiff on excessive walking, and American Airlines denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies them.

33.     In response to Paragraph 33 of the Complaint, American Airlines admits that Plaintiff handed a document that appeared to be signed by Dr. Katherine Garnier to Human Resources Business Partner-Senior Specialist Naomi Postlewait, and American Airlines denies the remaining allegations contained in Paragraph 33 of the Complaint.

34.     American Airlines denies the allegations contained in Paragraph 34 of the Complaint.

35.     American Airlines denies the allegations contained in Paragraph 35 of the Complaint.

36.     American Airlines denies the allegations contained in Paragraph 36 of the Complaint.

37.     In response to Paragraph 37 of the Complaint, American Airlines admits that Plaintiff complained to Christine Thompson and denies the remaining allegations in Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, American Airlines admits that Christine Thompson spoke with Larry Raikes, requested that he schedule Plaintiff in Concourse

B, and then told Plaintiff that she had done so. American Airlines denies the remaining allegations in Paragraph 38 of the Complaint.

39.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and therefore denies them.

40.     In response to Paragraph 40 of the Complaint, American Airlines admits that Plaintiff met with and complained to Managing Director Customer Care Beth Norton about Mr. Raikes' alleged refusal to assign her to Concourse B, and American Airlines denies the remaining allegations in Paragraph 40 of the Complaint.

41.     American Airlines denies the allegations contained in Paragraph 41 of the Complaint.

42.     American Airlines denies the allegations contained in Paragraph 42 of the Complaint.

43.     In response to Paragraph 43 of the Complaint, American Airlines admits that Beth Norton found a note under her door that appeared to be signed by Plaintiff stating that Plaintiff was trying to reach her. American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 of the Complaint and therefore denies them.

44.     In response to Paragraph 44 of the Complaint, American Airlines admits that Beth Norton did not respond to the note under her door that appeared to be from Plaintiff, and denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     American Airlines denies the allegations contained in Paragraph 45 of the Complaint.

46.     In response to Paragraph 46 of the Complaint, American Airlines admits that Plaintiff spoke with then-Manager of Administration Pat Lewis about her interest in working on the B Concourse only and about her complaints regarding Larry Raikes, including his alleged refusal to assign her to the B Concourse, and American Airlines denies the remaining allegations in Paragraph 46 of the Complaint.

47.     American Airlines denies the allegations contained in Paragraph 47 of the Complaint.

48.     American Airlines denies the allegations contained in Paragraph 48 of the Complaint.

49.     In response to Paragraph 49 of the Complaint, American Airlines admits that Plaintiff spoke with Human Resources Manager Robert Yori and Director Human Resources Mike Whittle regarding her interest in working on the B Concourse and her concerns about Larry Raikes, and American Airlines denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.     American Airlines denies the allegations contained in Paragraph 50 of the Complaint.

51.     In response to Paragraph 51 of the Complaint, American Airlines denies the allegations contained in Paragraph 51 of the Complaint and avers that Plaintiff or her agent faxed a document to Human Resources Manager Robert Yori on July 18, 2017.

52.     In response to Paragraph 52 of the Complaint, American Airlines denies the allegations contained in Paragraph 52 of the Complaint and avers  that Human Resources Manager Robert Yori had interactive discussions with Plaintiff, sent her a letter on July 26, 2017, indicating that the Company was unable to accommodate her by assigning her to work only on Concourse B

because of operational needs, and offered several alternative assignments as reasonable accommodations which she could bid and hold based on her seniority, including working at the Concourse B/C ticket counter and receiving additional training to do so as needed.

53.     American Airlines denies the allegations contained in Paragraph 53 of the Complaint.

54.     American Airlines denies the allegations contained in Paragraph 54 of the Complaint.

55.     American Airlines admits the allegations contained in Paragraph 55 of the Complaint.

56.     American Airlines denies the allegations contained in Paragraph 56 of the Complaint.

57.     American Airlines denies the allegations contained in Paragraph 57 of the Complaint.

58.     In response to Paragraph 58 of the Complaint, American Airlines admits that on September 27, 2017, Joe Wilson, Manager on Duty, met with Plaintiff and suspended her pending an internal investigation of posts on Plaintiff's personal Facebook page and related coworker complaints, and denies the remaining allegations in Paragraph 58 of the Complaint.

59.     In response to Paragraph 59 of the Complaint, American Airlines admits that on October 6, 20l7, Managing Director Customer Care Beth Norton met with Plaintiff and informed her that Plaintiff's employment with the Company was terminated, and denies the remaining allegations contained in Paragraph 59 of the Complaint.

60.     American Airlines denies the allegations contained in Paragraph 60 of the Complaint.

61.     American Airlines denies the allegations contained in Paragraph 61 of the Complaint.

62.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore denies them.

63.     American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore denies them.

64.     In response to Paragraph 64 of the Complaint, American Airlines admits that it has not disciplined or terminated Customer Service Supervisor Tom Doersam as a result of his Facebook posts.

## COUNT I – GENDER DISCRIMINATION
## TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

65.     American Airlines incorporates by reference the responses to Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     In response to Paragraph 66 of the Complaint, American Airlines admits that Plaintiff is a member of a protected class in that she is female, and denies the remaining allegations contained in Paragraph 66.

67.     American Airlines denies the allegations contained in Paragraph 67 of the Complaint.

68.     American Airlines denies the allegations contained in Paragraph 68 of the Complaint.

69.     American Airlines denies the allegations contained in Paragraph 69 of the Complaint.

70. American Airlines denies the allegations contained in Paragraph 70 of the Complaint.

71. American Airlines denies the allegations contained in Paragraph 71 of the Complaint.

72. American Airlines admits the allegations contained in Paragraph 72 of the Complaint.

73. American Airlines denies the allegations contained in Paragraph 73 of the Complaint.

American Airlines denies that Plaintiff is entitled to any relief, specifically but not limited to the relief requested in the "WHEREFORE" clause immediately following Paragraph 73 on page 9 of the Complaint.

## COUNT II – GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

74. American Airlines incorporates by reference the responses to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. In response to Paragraph 75 of the Complaint, American Airlines admits that Plaintiff is a member of a protected class in that she is female, and denies the remaining allegations contained in Paragraph 75.

76. American Airlines denies the allegations contained in Paragraph 76 of the Complaint.

77. American Airlines denies the allegations contained in Paragraph 77 of the Complaint.

78. American Airlines denies the allegations contained in Paragraph 78 of the Complaint.

79.     American Airlines denies the allegations contained in Paragraph 79 of the Complaint.

80.     American Airlines denies the allegations contained in Paragraph 80 of the Complaint.

81.     American Airlines admits the allegations contained in Paragraph 81 of the Complaint.

82.     American Airlines denies the allegations contained in Paragraph 82 of the Complaint.

American Airlines denies that Plaintiff is entitled to any relief, specifically but not limited to the relief requested in the "WHEREFORE" clause immediately following Paragraph 82 on page 9 of the Complaint.

**COUNT III – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

83.     American Airlines incorporates by reference the responses to Paragraphs 1 through 82 of the Complaint as if fully set forth herein.

84.     In response to Paragraph 84 of the Complaint, American Airlines states that the paragraph includes a legal conclusion to which no response is required. To the extent a response is required, American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore denies them.

85.     In response to Paragraph 85 of the Complaint, American Airlines states that the paragraph includes a legal conclusion to which no response is required. To the extent a response is required, American Airlines states that it lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and therefore denies them.

86.     American Airlines denies the allegations contained in Paragraph 86 of the Complaint.

87.     In response to Paragraph 87 of the Complaint, American Airlines admits that it terminated Plaintiff's employment, and denies the remaining allegations contained in Paragraph 87 of the Complaint.

88.     American Airlines denies the allegations contained in Paragraph 88 of the Complaint.

89.     American Airlines denies the allegations contained in Paragraph 89 of the Complaint.

90.     American Airlines denies the allegations contained in Paragraph 90 of the Complaint.

91.     American Airlines denies the allegations contained in Paragraph 91 of the Complaint.

92.     American Airlines denies the allegations contained in Paragraph 92 of the Complaint.

93.     American Airlines denies the allegations contained in Paragraph 93 of the Complaint.

94.     American Airlines denies the allegations contained in Paragraph 94 of the Complaint.

American Airlines denies that Plaintiff is entitled to any relief, specifically but not limited to the relief requested in the "WHEREFORE" clause immediately following Paragraph 94 on page 10 of the Complaint.

## COUNT IV – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

95.     American Airlines incorporates by reference the responses to Paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96.     In response to Paragraph 96 of the Complaint, American Airlines states that the paragraph includes a legal conclusion to which no response is required.  To the extent a response is required, American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint and therefore denies them.

97.     In response to Paragraph 97 of the Complaint, American Airlines states that the paragraph includes a legal conclusion to which no response is required.  To the extent a response is required, American Airlines states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint and therefore denies them.

98.     American Airlines denies the allegations contained in Paragraph 98 of the Complaint.

99.     In response to Paragraph 99 of the Complaint, American Airlines admits that it terminated Plaintiff, and denies the remaining allegations contained in Paragraph 99 of the Complaint.

100.     American Airlines denies the allegations contained in Paragraph 100 of the Complaint.

101. American Airlines denies the allegations contained in Paragraph 101 of the Complaint.

102. American Airlines denies the allegations contained in Paragraph 102 of the Complaint.

103. American Airlines denies the allegations contained in Paragraph 103 of the Complaint.

104. American Airlines denies the allegations contained in Paragraph 104 of the Complaint.

105. American Airlines denies the allegations contained in Paragraph 105 of the Complaint.

106. American Airlines denies the allegations contained in Paragraph 106 of the Complaint.

American Airlines denies that Plaintiff is entitled to any relief, specifically but not limited to the relief requested in the "WHEREFORE" clause immediately following Paragraph 106 on page 11 of the Complaint.

### COUNT V– RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

107. American Airlines incorporates by reference the responses to Paragraphs 1 through 106 of the Complaint as if fully set forth herein.

108. American Airlines admits the allegations contained in Paragraph 108 of the Complaint.

109. American Airlines denies the allegations contained in Paragraph 109 of the Complaint.

110.     American Airlines denies the allegations contained in Paragraph 110 of the Complaint.

American Airlines denies that Plaintiff is entitled to any relief, specifically but not limited to the relief requested in the "WHEREFORE" clause immediately following Paragraph 110 on page 12 of the Complaint.

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

111.     American Airlines incorporates by reference the responses to Paragraphs 1 through 110 of the Complaint as if fully set forth herein.

112.     American Airlines admits the allegations contained in Paragraph 112 of the Complaint.

113.     American Airlines denies the allegations contained in Paragraph 113 of the Complaint.

114.     American Airlines denies the allegations contained in Paragraph 114 of the Complaint.

American Airlines denies that Plaintiff is entitled to any relief, specifically but not limited to the relief requested in the "WHEREFORE" clause immediately following Paragraph 114 on page 12 of the Complaint.

## PRAYER FOR RELIEF

American Airlines denies that Plaintiff is entitled to any relief, specifically but not limited to the relief requested in the Prayer for Relief on pages 12-13 of the Complaint.

## JURY TRIAL DEMAND

American Airlines admits that Plaintiff has made a demand for a jury trial.

## GENERAL DENIAL

American Airlines denies each and every allegation not expressly admitted to herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to file them within the applicable statute of limitations and/or administrative filing periods.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies.

### Fourth Affirmative Defense

The claim for punitive damages must be dismissed because American Airlines did not act with malice or reckless indifference to Plaintiff's rights.

## Fifth Affirmative Defense

The claim for punitive damages must be dismissed because punitive damages are not recoverable under the Pennsylvania Human Relations Act.

## Sixth Affirmative Defense

Plaintiff's claims are barred because all actions taken with respect to her employment by American Airlines, including the termination of Plaintiff's employment, were based on legitimate, non-discriminatory reasons.

## Seventh Affirmative Defense

American Airlines acted in good faith and with reasonable grounds for believing its acts or omissions did not violate Title VII, the ADA, or the PHRA.

## Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own contribution to the alleged harm.

## Ninth Affirmative Defense

American Airlines would have made the same employment decisions challenged by Plaintiff in this action without regard to Plaintiff's protected characteristics.

## Tenth Affirmative Defense

American Airlines terminated Plaintiff's employment for violation of Defendant's policies and not for any discriminatory reason.

## Eleventh Affirmative Defense

Plaintiff's claims may be barred to the extent she failed to mitigate her damages, if any.

American Airlines reserves its right to add such affirmative defenses as become evident through the course of discovery in this case.

WHEREFORE, Defendant requests that the Court dismiss the Complaint with prejudice, award judgment in its favor, award its attorneys' fees and costs associated with the defense of this matter and award all other just and proper relief.

DATED: December 31, 2018

Respectfully submitted,

*/s/ Christina M. Michael*
Christina M. Michael (Pa. ID 307708)
Fisher & Phillips LLP
150 N. Radnor Chester Road
Suite C300
Radnor, PA 19087
Tel. (610) 230-2158
Fax (610) 230-2151
cmichael@fisherphillips.com

and

*/s/ Daniel E. Farrington*
Daniel E. Farrington[1]
Margaret J. Scheele
The Farrington Law Firm, LLC
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1577
Fax (301) 880-5031
dfarrington@farringtonlaw.com
mscheele@farringtonlaw.com

*Attorneys for Defendant*
*American Airlines, Inc.*

---

[1] Mr. Farrington and Ms. Scheele will submit motions to appear *pro hac vice*.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 31st day of December, 2018, she caused a true and correct copy of the foregoing Answer to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual:

David M. Koller, Esquire
Sarah R. Lavelle, Esquire
Koller Law LLC
2043 Locust Street, Suite 1B
Philadelphia, PA 19103

*Attorneys for Plaintiff*

*/s/ Christina M. Michael*
Christina M. Michael